**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, | No. CV-13-01475-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Breakwater Equity Partners LLC, et al., | |
| Defendants. | |

Cross-Defendant Breakwater Equity Partners, LLC has filed a motion to dismiss (Doc. 125) Cross-Claimants Richard Gee and Maxwell Drever's cross-claim (Doc. 104). Cross-Defendant also moves to realign Cross-Claimants. Doc. 125. For the reasons set forth below, the Court will deny each motion.[1]

Since filing this motion, Cross-Defendant and Cross-Claimants have stipulated to dismiss the cross-claim without prejudice (Doc.135) and the Court has granted the stipulation (Doc. 136). The Court will deny the motion to dismiss as moot.

Cross-Defendant argues that Cross-Claimants have aligned themselves with Plaintiff in opposition to all remaining Defendants. Doc. 125 at 4. Accordingly, Cross-Defendant asks the Court to "look beyond the pleadings, and [realign] the parties according to their sides in the dispute." *City of Indianapolis v. Chase Nat'l Bank of N.Y.*, 314 U.S. 63, 69 (1941) (internal quotes omitted). Realignment would defeat diversity jurisdiction in this case.

---

[1] The request for oral argument is denied because the issues have been sufficiently briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Courts are to realign parties "whose interests coincide respecting the 'primary matter in dispute.'" *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (quoting *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987). Where a named defendant would benefit if a plaintiff prevails, realignment may be appropriate. *Prudential*, 204 F.3d at 873. In this case, Plaintiff and Cross-Claimants are clearly adverse.

The primary matter in dispute is whether Defendants converted Plaintiff's money or otherwise breached the parties' contract. Cross-Claimants are the individuals who sponsored the investment by other named Defendants in the property at issue. Cross-Defendant argues that Cross-Claimants and Plaintiff both wish "to ignore all responsibility lender and sponsor had in concocting an unsustainable investment and blaming a third party for the outcome," but the Court finds this characterization to be incomplete and unpersuasive. Doc. 125 at 5. Plaintiff seeks to recover converted funds. If Plaintiff succeeds, Cross-Claimants are not entitled to any recovery. To the contrary, Cross-Defendant's alleged conversion may trigger recourse against Cross-Claimants. Doc. 104, ¶ 198. Because Cross-Claimants could be exposed to personal liability if Plaintiff succeeds, the Court cannot accept Cross-Defendant's assertion that the interests of Cross-Claimants and Plaintiff are aligned.

Cross-Defendant argues that Cross-Claimants' tactics pursued during the course of this litigation reveal an alignment with Plaintiff's interest. Doc. 125 at 4. For example, Cross-Defendant finds this alignment in Cross-Claimants' refusal to file a motion to dismiss Plaintiff's complaint. *Id*. But the Court may not look to "facts that arose after the complaint was filed in federal court," such as litigation tactics, in determining whether to realign the parties. *See In re Digimore Corp. v. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) (finding that the district court erred in relying on evidence of defendant's cooperation with plaintiff three weeks after the suit was filed).

**IT IS ORDERED:**

1. Cross-Defendant's motion to dismiss (Doc. 125) is **denied** as moot.

2. Cross-Defendant's motion to realign (Doc. 125) is **denied**.

3. Cross-Defendant's motion for fees and costs (Doc. 125) is **denied**.

Dated this 30th day of December, 2013.

David G. Campbell
United States District Judge