**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, et al., | No. CV-13-01475-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Breakwater Equity Partners LLC, et al., | |
| Defendants. | |

Defendant Thomas National Properties, LLC ("TNP"), has filed a motion for reconsideration. Doc. 142. TNP asks the Court to reconsider the motions to dismiss (Docs. 98, 99, 100) filed by Defendants. Defendant Breakwater Equity Partners, LLC ("Breakwater") has joined TNP's motion. Doc. 143. Certain TIC/Guarantor Defendants have also joined. Doc. 144. The Court will grant the motion and deny the motions to dismiss to which it relates.

Certain TIC/Guarantor Defendants have filed a motion to dismiss the second amended complaint. Doc. 141. Breakwater and TNP have joined this motion to dismiss. Docs. 143, 145. The motion is fully briefed. The Court will deny the motion.

Breakwater has also filed a motion to dismiss the second amended complaint. Doc. 143. Certain TIC/Guarantor Defendants and TNP have joined the motion. Docs. 144, 145. The motion is fully briefed. The Court will deny the motion.[1]

---

[1] Certain TIC/Guarantor Defendants requested oral argument in connection with their motion to dismiss, (Doc. 141), as does Breakwater in connection with its motion to dismiss, (Doc. 143). The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ.

I.      **Motion for Reconsideration.**

TNP urges the Court to reconsider the three motions to dismiss that were directed at Plaintiff's first amended complaint. *See* Docs. 98, 99, 100. The Court granted Plaintiff's motion to file a second amended complaint on October 23, 2013. Doc. 117. Plaintiff filed a second amended complaint on October 24, 2013. Doc. 118. On January 21, 2014, the Court denied the motions to dismiss as moot that were directed at Plaintiff's first amended complaint. Doc. 138. TNP asserts that because the arguments made in the previous motions to dismiss have equal force against Plaintiff's second amended complaint, they should have been considered by the Court. Doc. 142 at 2. Upon reexamination, the Court agrees with TNP that the Court should have considered the merits of the motions to dismiss. For the reasons set for the below, the Court will grant the motion for reconsideration, consider the merits of the motions to dismiss, and deny the motions to dismiss.

TNP's motion to dismiss the first amended complaint argues that the Court lacks subject matter jurisdiction. Doc. 98 at 2. Plaintiff's first amended complaint asserted that the Court could exercise federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 16, ¶ 38. TNP asserts that complete diversity does not exist because Plaintiff is a citizen of California and many Defendants are also citizens of California. Doc. 98 at 2. The motions to dismiss filed by certain TIC/Guarantor Defendants (Doc. 99) and Breakwater (Doc. 100) make the same arguments.

The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity between the parties. *See, e.g.*, *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id.*

Unlike state-chartered banks or other corporations whose citizenship is governed by 28 U.S.C. § 1332, the citizenship of nationally chartered banks is governed by 28

---

P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

- 2 -

U.S.C. § 1348. That section provides that national banking associations are "citizens of the States in which they are respectively located." The word "located" is not defined. Numerous district courts in this circuit have concluded that a national banking association is a citizen of both the state where it has its main office and the state of its principal place of business. *See, e.g.*, *Ortiz v. Wells Fargo Bank, N.A.*, No. 13cv0060-GPC-BLM, 2013 WL 1702790, at *4 (S.D. Cal. Apr. 19, 2013). This conclusion has led courts to find that Wells Fargo Bank, N.A. ("Wells Fargo") is a citizen of South Dakota, where its main office is located, and a citizen of California, where its principal place of business is located. *See, e.g.*, *id.* Recently, however, the Ninth Circuit construed § 1348 to mean that a national bank is a citizen only of the state where its main office is located. *Rouse v. Wachovia Mortg., FSB*, --- F.3d ----, No. 12-55278, 2014 WL 1243869, at *1 (9th Cir. Mar. 27, 2014).

Wells Fargo is a national banking association. Doc. 16, ¶ 1; Doc. 118, ¶ 1. Wells Fargo's articles of association (Doc. 149-1 at 20) and its filings with the FDIC (Doc. 149-1 at 27) and the OCC (Doc. 149-1 at 47) indicate that its main office is located in Sioux Falls, South Dakota. The Court concludes, therefore, that Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction. Because none of the defendants is a citizen of South Dakota, there is complete diversity in this case.

Wells Fargo originally filed this action as trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2005-C5, acting by and through CWCapital Asset Management, LLC, solely in its capacity as Special Servicer. Subsequently, 4801 East Washington Street Holdings, LLC was substituted as the real party in interest. Diversity is determined, however, as of the time of filing. *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) (explaining that a court should measure all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing). Consequently, the substitution of 4801 East Washington Street Holdings, LLC does not defeat diversity jurisdiction.

In addition, it is undisputed that 4801 East Washington Street Holdings, LLC's "sole member is the Trust acting through the Trustee, Wells Fargo Bank, N.A." Doc. 129 at 2. As such, it is the citizenship of the trust that matters for purposes of diversity jurisdiction. Because a trust has the citizenship of its trustee, it is Wells Fargo's citizenship that matters for purposes of diversity jurisdiction. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("A trust has the citizenship of its trustee or trustees.") (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980)).

Defendants' motions to dismiss the first amended complaint seek dismissal only on the basis of a lack of federal diversity jurisdiction. The motions (Docs. 98, 99, 100) must be denied.

## II.     Motions to Dismiss the Second Amended Complaint.

Each of Defendants' motions to dismiss the second amended complaint argues a lack of federal diversity jurisdiction. Docs. 141, 143. For the reasons outlined above, the Court has diversity jurisdiction.

Breakwater's motion also argues that Plaintiff lacks standing to assert conversion and fraudulent conveyance claims. Doc. 143 at 12. Plaintiff bases its standing and right to sue on an "Omnibus Assignment" of the underlying loan documents. Doc. 130-1 at 2. The Omnibus Assignment provides:

> [Wells Fargo] . . . hereby transfers, assigns, delivers, sets-over and conveys to 4801 East Washington Street Holdings, LLC . . . all right, title, and interest of [Wells Fargo] in and to the [Loan], including, without limitation, all of [Wells Fargo's] right, title and interest in any claims, collateral, insurance policies, certificates of deposit, letters of credit, escrow accounts, performance bonds, demands, causes of action and any other collateral arising out of and/or executed and/or delivered in or to or with respect to the Loan[.]

*Id*. Breakwater argues that Plaintiff has no standing because "the Omnibus Assignment relied on by [Plaintiff] makes no effort to identify the causes of action pled or specify their assignment." Doc. 143 at 13.

1 For an assignment to be effective under Arizona law, "there must be evidence of an intent to assign or transfer the whole or part of a specific thing, debt, or chose in action, and the subject matter of the assignment must be described sufficiently to make it capable of being readily identified." *Certified Collectors, Inc. v. Lesnick*, 570 P.2d 769, 771 (Ariz. 1977). Breakwater argues that the Omnibus Assignment does not specifically reference any tort claims, and Plaintiff therefore has failed to establish the requisite intent to assign such claims. Doc. 156 at 5. The Court does not agree. The Omnibus Assignment "assigns . . . *without limitation*, all of [Wells Fargo's] right, title and interest in any . . . causes of action . . . *arising out of . . . or with respect to*" the Loan. Doc. 130-1 at 2 (emphasis added). The instrument clearly intends to assign Plaintiff all interest in any causes of action associated with the loan agreement, which would include tort claims. The level of specificity for which Breakwater argues is not warranted by any of the cited Arizona precedents, especially not in a case there is such a broad assignment of rights and subject matter.

In the alternative, Breakwater argues that it should be afforded limited discovery on the intent of the underlying assignment. Doc. 156 at 6. When analyzing a complaint for failure to state a claim under Rule 12(b)(6), however, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Although discovery regarding the intent of the assignment may well be appropriate during the litigation, the complaint states a claim and the Court sees no reason for earlier and separate discovery on the intent issue.

Breakwater argues for the first time in its reply that Plaintiff's claim for punitive damages must be dismissed. Doc. 156 at 6. It also requests limited discovery to further understand Wells Fargo's role in this litigation. Doc. 156 at 3. Because Breakwater made these arguments for the first time in its reply, the Court will not consider them. *United States v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003) ("We decline to consider Rearden's argument . . . because it is raised for the first time in reply.").

**IT IS ORDERED:**

1. Defendant Thomas National Properties, LLC's motion for reconsideration (Doc. 142) is **granted**. The motions to dismiss at Docs. 98, 99, and 100 are **denied** on the merits.
2. The TIC/Guarantor Defendants' motion to dismiss the second amended complaint (Doc. 141) is **denied**.
3. Defendant Breakwater Equity Partners, LLC's motion to dismiss the second amended complaint (Doc. 143) is **denied**.
4. Because the Court has denied all of Defendants' motions to dismiss, it will also deny Defendants' requests for fees and costs.

Dated this 17th day of April, 2014.

David G. Campbell
United States District Judge