**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wells Fargo Bank NA, et al.,<br><br>                             Plaintiffs,<br><br>v.<br><br>Breakwater Equity Partners LLC, et al.,<br><br>                             Defendants. | No. CV-13-01475-PHX-DGC<br><br>**SUPPLEMENTAL ORDER** |

On April 23, 2015, the Court issued an order granting Plaintiff's motion for summary judgment. Doc. 216. Specifically, the Court found Defendants Breakwater Equity Partners, LLC ("Breakwater") and Thompson National Properties, LLC ("TNP") had converted $605,000 in Rents generated from a commercial property owned by Plaintiff. *Id.* at 15. In light of the ruling, the Court ordered the parties to submit a joint memorandum describing the issues remaining in the case. *Id.* at 16-17.

In the joint memorandum, the parties notified the Court that several Defendants, referred to as the "Borrowers," had been dismissed from the action by Plaintiff. Doc. 217 at 2. In addition, the parties agreed that the Court had found TNP and Breakwater liable for conversion, but disputed whether the order resolved the amount of compensatory damages. *Id.* Thereafter, TNP filed a motion to determine the comparative fault among it, Breakwater, and the remaining non-parties at fault. Doc. 222. Breakwater filed a memorandum disputing the amount of compensatory damages and arguing that the

Court's order left this issue open for trial. Doc. 226. Plaintiff argued that it had requested a specific sum of compensatory damages in their motion for summary judgment. Doc. 187. It further argued that TNP and Breakwater are jointly and severally liable for the entire amount. Doc. 225.

The Court has considered the parties' briefs and concluded that the facts underlying the amount of compensatory damages are undisputed and Plaintiff did in fact seek summary judgment on this issue. *See* Docs. 187, 188 at 5-6. This order will supplement the Court's summary judgment ruling (Doc. 216) and award $605,000 in compensatory damages to Plaintiff.

The only issue remaining in the case is whether Defendants are subject to joint and several liability or comparative fault.[1] As this issue arose only recently as a result of settlements with other defendants, the Court will permit a final round of summary judgment briefing on this issue before proceeding to trial.

**I.   Compensatory Damages.**

Plaintiff filed this action to recover $605,000 in Rents generated from its commercial property. The Court has concluded that Breakwater and TNP are liable for conversion of those Rents. The following facts are undisputed and taken from the Court's April 23, 2015 order.

Over a period of four months, TNP made nine transfers of Rents to Breakwater, totaling $2,306,250. Doc. 189, ¶¶ 72-82; Doc. 193, ¶ 9. TNP also made two transfers to its own account totaling $48,750. Doc. 189, ¶¶ 77, 80. Thus, in total, $2,355,000 in Rents were transferred from Plaintiff's Operating Account to Defendants. *Id.*, ¶ 2. In August 2014, Plaintiff and Borrowers, who have since been dismissed from this action, entered into a Settlement Agreement under which Borrowers directed transfer of

---

[1] All four counts alleged in the second amended complaint have been addressed. The Court found in favor of Plaintiffs on count 1, which was brought against TNP and Breakwater. Plaintiffs have voluntarily dismissed count 2, which was alleged against Breakwater and the Borrowers, as well as counts 3 and 4, which were brought against the Borrowers/Guarantors. Docs. 170, 218, 219. Plaintiff also dropped its punitive damages claim against Defendants. Doc. 223.

1   $1,750,000 of Rents remaining in Breakwater's accounts to Plaintiffs.  Doc. 193, ¶ 13.
2   Consequently, $605,000 in converted Rents remains outstanding.

3         Breakwater argues that only $2,306,250 was transferred to its accounts.  This is
4   true – but an additional $48,750 was transferred out of Plaintiff's Operating Account to
5   TNP as its fee.  As noted above, $2,355,000 in total Rents were converted by Defendants.
6   This does not create a question of fact for the jury.

7         Breakwater also argues that several payments were made to it as "fees" and were
8   held in unsegregated accounts.  It asserts that at least one transfer was made to a third
9   party.  But these arguments overlook the Court's finding that Plaintiff was immediately
10  entitled to "all Rents" contained in the Operating Account.  At that point in time, any
11  subsequent transfers by Defendants to anyone other than Plaintiff constituted conversion.
12  The Court also noted that Defendants did not dispute that, prior to the acts of conversion,
13  the Rents were kept in segregated, identifiable accounts.  Doc. 216 at 15-16.  This is
14  sufficient to establish that the proceeds were identifiable for a claim of conversion.  *See*
15  *id.* at 12-13 (noting that the "Rents were kept in separate accounts").  Contrary to
16  Breakwater's argument, Plaintiff need not provide evidence "tracing" the exact
17  movement of the Rents after they were transferred.

18        Because the facts underlying the amount of Plaintiff's damages are undisputed, the
19  Court will award Plaintiff $605,000 in compensatory damages for the outstanding amount
20  of converted Rents.

21  **II.  Liability.**

22        TNP moves for the Court to "enter an order setting for trial before the trier of facts
23  the determination of damages and the respective liabilities of each of the joint defendants
24  and non-parties at fault."  Doc. 222 at 3.  Under Arizona law, "the liability of each
25  defendant is several only and is not joint[.]"  A.R.S. § 12-2506(A).  Generally,
26  comparative fault principles apply, and "[e]ach defendant is liable only for the amount of
27  damages allocated to that defendant in direct proportion to that defendant's percentage of
28  fault[.]"  *Id.*  There is an exception – Defendants may be held jointly liable if they "were

acting in concert." *Id.* § 12-2506(D)(1). "'Acting in concert' means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort." *Id.* § 12-2506(F)(1).[2]

Because this issue arose only recently, it was not raised in the parties' motions for summary judgment. Rather than proceeding immediately to trial on this single issue, the Court concludes that the parties should file a final set of summary judgment briefs to see if it can be resolved as a matter of law. If not, a trial will be scheduled.

**IT IS ORDERED**:

1. Plaintiff is awarded $605,000 in compensatory damages.
2. TNP's motion to determine comparative fault (Doc. 222) is **denied**.
3. The parties shall brief, under Rule 56, whether Defendants are jointly and severally liable for Plaintiff's damages or are subject to comparative fault. The parties shall simultaneously file 10-page memoranda on this issue by August 28, 2015, and 5-page replies by September 4, 2015.

Dated this 14th day of August, 2015.

_____
David G. Campbell
United States District Judge

---

[2] Ariz. R. Civ. P. 26(b)(5) requires that a party who alleges that another "person or entity not currently or formerly named a party was wholly or partially at fault" must identify the party and the basis for the allegations of fault within 150 days of that party's answer. Here, however, the Borrowers were not dismissed until after the Court's April 23, 2015 order. Therefore, the timeliness of TNP's request is not an issue.

- 4 -